**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

GREGORY C. LANTZ,
      Appellant,

     v.

DEPARTMENT OF THE ARMY,
      Agency.

DOCKET NUMBER
PH-0752-13-1161-I-2

DATE: May 20, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Gregory C. Lantz, Marlborough, Massachusetts, pro se.

Kyle Hayden, New York, New York, for the agency.

**BEFORE**

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the agency's action furloughing him for 6 days. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant is an Information Technology Specialist with the U.S. Army Corps of Engineers, Enterprise Information Technology. On June 3, 2013, he received a Notice of Proposed Furlough explaining that an administrative furlough was necessitated by the "extraordinary and serious budgetary challenges facing the Department of Defense (DOD) for the remainder of Fiscal Year (FY) 2013, the most serious of which is the sequester that began on March 2, 2013." *Lantz v. Department of the Army*, MSPB Docket No. PH-0752-13-1161-I-1, Initial Appeal File (IAF), Tab 1 at 9-11. The appellant was further advised that the furlough would be on discontinuous days, beginning on July 8, 2013, through approximately September 30, 2013, and that, as a full-time employee, he would be furloughed no more than 11 workdays or 88 hours. *Id.* On June 28, 2013, the agency issued a Notice of Decision to Furlough.[2] *Id.* at 12-13.

¶3 The appellant filed an appeal in which he stated that other employees within his organization whose positions were designated as civil works funded were

---

[2] In fact, the appellant was furloughed for only 6 days. *Lantz v. Department of the Army*, MSPB Docket No. PH-0752-13-1161-I-2, Appeal File, Tab 7 at 41.

exempted from the furlough but that he was not because his position was designated as military funded, and he suggested that this distinction should not have been dispositive. *Id.* at 5. He also alleged that the agency committed harmful procedural error in subjecting him to the furlough because his position had been vacant from October 1, 2012, until he reported for duty on January 26, 2013, and that the "lack of salary expense" during that time actually saved the agency money. *Id.* He declined a hearing before the Board. *Id.* at 2.

¶4      The assigned administrative judge subsequently dismissed the appeal without prejudice pending the Board's consideration on petition for review of *Corps of Engineers/Pacific Ocean v. Department of the Army*, MSPB Docket No. SF-0752-14-0290-I-1, an appeal that raised a similar issue; specifically, whether the agency had a legitimate management reason for utilizing Unit Identification Codes (UIC) in determining which positions would be exempt or subject to the furlough. The administrative judge stated that the appellant's appeal would be automatically refiled once the Board issued an Opinion and Order in *Corps of Engineers/Pacific Ocean*. IAF, Tab 6, Initial Decision.

¶5      After the appeal was reinstated for adjudication,[3] and following receipt of submissions by the parties, a different administrative judge closed the record and issued an initial decision affirming the agency's action. *Lantz v. Department of the Army*, MSPB Docket No. PH-0752-13-1161-I-2, Appeal File (I-2 AF), Tab 11, Initial Decision (I-2 ID) at 1, 10. He found that the furlough actions were a reasonable management solution to the significant financial restrictions faced by

---

[3] The administrative judge explained that the then two sitting Board members had been unable to agree on a disposition in the *Corps of Engineers/Pacific Ocean* case or another case that raised a similar issue and that therefore the initial decisions in those cases had become final; that the U.S. Court of Appeals for the Federal Circuit had addressed the use of UICs in a consolidated appeal, *Steffen v. Department of the Army*, 640 F. App'x 938 (Fed. Cir. 2016), concluding, albeit in an unpublished opinion, that UICs were a legitimate basis on which to distinguish among employees for the purpose of furlough; but that the two-member Board could not agree on the application of *Steffen* to *Corps of Engineers/Pacific Ocean*, and so had issued a split decision, rendering the initial decision in that case final. IAF, Tab 8 at 1-3.

the agency due to sequestration, that employees with a military UIC were potentially subject to furlough procedures in accordance with Corps of Engineers policy,[4] and that therefore the agency proved that the appellant was furloughed for a cause that promotes the efficiency of the service. I-2 ID at 5-7 (citing *Chandler v. Department of the Treasury*, 120 M.S.P.R. 163, ¶ 8 (2014)). The administrative judge further found that the agency's use of UICs was an appropriate neutral criterion in determining which positions were subject to furlough, *Steffen v. Department of the Army*, 640 F. App'x 938, 941 (Fed. Cir. 2016),[5] and that the agency imposed the furlough in a full and even manner by treating similar employees similarly and justifying any deviations with legitimate management reasons. I-2 ID at 7-8 (citing *Chandler*, 120 M.S.P.R. 163, ¶ 8). Finally, the administrative judge considered the errors alleged by the appellant to have occurred during the processing of the furlough action but found that they were either not errors at all or, if they were, they were not shown to be harmful. I-2 ID at 8-9.

¶6     The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, to which the agency has responded in opposition, PFR File, Tab 3.

## ANALYSIS

¶7     On review, the appellant argues that the administrative judge failed to properly consider that the agency did not treat similar employees similarly in his case because his position was vacant for a period of time and therefore not occupied the entire time during FY13, unlike most other furloughed employees. PFR File, Tab 1 at 4-5. While the question of which employees are similarly

---

[4] The agency's reasoning was that there was sufficient civil works funding to avoid furlough for Corps of Engineers civil works employees because they were not part of the DOD-Military appropriations. I-2 AF, Tab 7 at 28.

[5] The administrative judge acknowledged that the Board may rely on unpublished Federal Circuit decisions if the Board finds the court's reasoning persuasive. *Mauldin v. U.S. Postal Service*, 115 M.S.P.R. 513, ¶ 12 (2011).

situated for purposes of an adverse action furlough is decided on a case-by-case basis, the Board has stated that it is guided by reduction-in-force (RIF) principles in making that determination.[6]  *Chandler*, 120 M.S.P.R. 163, ¶ 8.  The appellant has not shown, nor do we perceive, that his claim regarding his position having been vacant for a period of time during FY13 is affected by any RIF principle. *See* 5 C.F.R. part 351.  In addition, he has not challenged the administrative judge's finding, based on evidence presented by the agency, that future savings through furlough actions were deemed necessary to avoid adverse impacts on military readiness, regardless of past savings.  I-2 ID at 8; I-2 AF, Tab 7 at 17; Department of the Army's Administrative Record at 49, 50-59.  We find, therefore, that the appellant has not, by this claim, established that the agency did not treat similar employees similarly.

¶8      The appellant next states on review that his appeal remained a "standalone," and he questions why the Board did not consolidate his case with the appeals of others in his organization and in his geographical location who also were furloughed.  PFR File, Tab 1 at 4.  The Board's regulations provide that an administrative judge may consolidate cases on his own motion or on the motion of a party when doing so would expedite processing of the cases and not adversely affect the interests of the parties.  5 C.F.R. § 1201.36(b).  The appellant has not suggested that he requested consolidation below.  Nor has he shown any prejudice to his substantive rights in the administrative judge's failure to consolidate the appellant's case with others, and therefore he has not shown any abuse of discretion.  *See Lee v. Environmental Protection Agency*, 115 M.S.P.R. 533, ¶ 7 (2010) (finding no reversible error in the administrative judge's prehearing rulings because the appellant did not show that the administrative

---

[6] A furlough of 30 days or more is appealable to the Board as a RIF action.  5 C.F.R. § 351.901.  Due to the basic similarities between RIF and adverse action furloughs, the Board has found that RIF principles are instructive in determining the scope of its review of adverse action furloughs.  *Chandler*, 120 M.S.P.R. 163, ¶ 7.

judge committed an abuse of discretion or a procedural error that prejudiced his appeal).

¶9       The appellant also asserts on review that, when he was offered a position in December 2012, the agency knew that there was a significant probability of furloughs during FY13, and that therefore it should have included a statement on his job announcement indicating that the position may be subject to furlough. PFR File, Tab 1 at 4-5, 12-15.  The appellant did not raise this argument below. The Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence.  *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).  Absent such a showing by the appellant, we have not considered this argument.

¶10       In addition, the appellant alleges on review that there were numerous delays and procedural errors throughout the entire processing of his appeal.  PFR File, Tab 1 at 5-9.  First, he argues, as he did below, that the agency filed its response to the administrative judge's second order to respond 6 days late.  *Id.* at 6.  The order to which the appellant refers was dated September 26, 2016, and it directed the agency to respond within 15 days, or by October 11, 2016.  I-2 AF, Tab 3.  On September 29, 2016, however, the case was reassigned to a new administrative judge, I-2 AF, Tab 4, and, on October 6, 2016, he issued a close-of-record notice, stating that the parties could file pleadings up until October 21, 2016, but that, consistent with the Board's regulations, they would be permitted to respond to submissions received just prior to the close of the record.  I-2 AF, Tab 5.  The agency made its final submission on October 17, 2016.  I-2 AF, Tab 7.  Although the appellant suggests that he did not have sufficient time to fully review the agency's response, PFR File, Tab 1 at 6-7, he did, in fact, respond to the agency's submission on October 18, 2016, I-2 AF, Tab 9.  And while the appellant also asserts that he did not have time "to initiate any engagement of discovery if necessary," PFR File, Tab 1 at 6-7, he has not alleged that he, at any time,

requested to engage in discovery. Therefore, we find that the appellant has not established that any error occurred regarding this matter.

¶11    Finally, the appellant alleges on review that there were substantial delays in the Board's processing of his appeal. *Id.* at 7-8. While we acknowledge that some case processing times were adversely affected as a result of the Board's unprecedented receipt of thousands of furlough appeals, the appellant has not shown that any such delays prejudiced his substantive rights. *See Lee*, 115 M.S.P.R. 533, ¶ 7.

## NOTICE OF APPEAL RIGHTS[7]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[8]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: /s/ for
_____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.